Case 4:21-cr-00513   Document 40   Filed on 09/23/24 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
September 23, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | § |
| v. | § CRIMINAL ACTION NO. H-21-513-1 |
| | § |
| STUART EVERITT SIMS | § |
| BOP # 71190-509 | § |

**MEMORANDUM AND ORDER**

Stuart Everett Sims is serving a 71-month sentence, followed by 5 years of supervised release, for trafficking in cocaine and methamphetamine. That sentence was a downward departure from the Guideline range of 151 to 188 months, and below what the government asked for. Sims has served less than half his sentence. His projected release date is June 2, 2025. (*See* Bureau of Prisons website at https://www.bop.gov/inmateloc/ (last visited Sept. 23, 2024)). Sims has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docket Entry No. 37). Sims moves for compassionate release on the basis that he is needed to care for his mother, recently diagnosed with lung cancer. (*See id.*). The government has filed a response in opposition. (Docket Entry No. 39).

Courts generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). But a court may grant a defendant's motion for a sentence reduction if "extraordinary and compelling reasons" justify such a reduction. *See United States v. Shkambi*, 993 F.3d 388, 391 (5th Cir. 2021) (citing § 3582(c)(1)(A)(i)). If a court finds an extraordinary and compelling reason for a sentence reduction, it must then "provide specific factual reasons, including but not limited to due consideration of the [18 U.S.C.] § 3553(a) factors, for its decision" to reduce the sentence. *United*

*States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020) (cleaned up).  If the court does not find an extraordinary and compelling reason for a sentence reduction, it need not consider the § 3553(a) factors.  *See Dillon*, 560 U.S. at 826–27.

The commentary to United States Sentencing Guidelines § 1B1.13 provides guidance on when a defendant's family circumstances may present extraordinary and compelling reasons for compassionate release.  The Guidelines Policy Statement in § 1B1.13(b) defines that term to include "Family Circumstances of the Defendant."  Sections 1B1.13(b)(3)(C) and (D) allow a sentence reduction if the defendant shows that he is the only caregiver for an ailing parent.  Sims argues that his mother has lung cancer and that he is the only one of her children who can provide her care.  Although he has two siblings, he asserts that they have their own families and work, do not live with their mother, and "are unable to devote the time necessary to take care" of their mother.

The record shows that both siblings live in the Houston area, as well as Sims's own 25-year-old son.  (*See* Docket Entry No. 24 at 18).  No details are provided to explain why Sims's two siblings or his son cannot divide or share the care of their mother.  No details are provided to explain why, other than inconvenience, they cannot work their own jobs, care for their own families, and divide the care of their mother.  When there are other adults who can care for an ailing family member, courts have denied compassionate release under § 1B1.13(b)(3)(C) and its predecessor statute.  *See, e.g., United States v. Rodriguez*, Crim. No. 2:15-217-1, 2021 WL 1978830, at *1–2 (S.D. Tex. May 17, 2021) (denying compassionate release when the record showed that there were other adult children available to care for the defendant's ailing mother and aunt); *United States v. Hudec*, Crim. No. 4:91-1-1, 2020 WL 4925675, at *5 (S.D. Tex. Aug. 19, 2020) (denying compassionate release when the record showed that the defendant had other

relatives available to care for his ailing father); *United States v. Crandle*, No. 10-35-SDD-RLB, 2020 WL 2188865, at *4 (M.D. La. May 6, 2020) (denying compassionate release to defendant who had other relatives to care for his aging parents, particularly when the defendant "failed to present evidence demonstrating that he is the only person who could care for his parents or that he would actually be able to care for his parents if released"); *United States v. Nevers*, Crim. Action No. 16-88, 2019 WL 7281929, at *5 (E.D. La. Dec. 27, 2019) (denying compassionate release to defendant who had adult children available to care for ailing family members). The record does not show extraordinary or compelling circumstances justifying compassionate release.

Finally, the § 3353(a) factors do not justify early release. The nature of the offense is a significant reason why early release—at less than the halfway mark of this sentence—is unwarranted. Sims was convicted of trafficking in highly addictive and dangerous drugs: "ice"; "meth"; and cocaine. The criminal history is a further reason against compassionate release. Sims has a criminal category IV, including convictions for check forgery, drug possession, assault on a family member, endangering a child, and making a terroristic threat. Given his history and the nature of his current offense, there is no justification for a compassionate release that would cut the remaining sentence approximately in half.

The motion for compassionate release, (Docket Entry No. 37), is denied.

SIGNED on September 23, 2024, at Houston, Texas.

						_____
						Lee H. Rosenthal
						United States District Judge